### In re COLD SPRING REALTY CO., Inc.

(District Court, D. Maryland. November 10, 1926.)

Bankruptcy ⟊345—Contract for sale of land held executed, and claim for commission for procuring purchaser was not entitled to preference, on theory that vendor's bankruptcy trustee assumed executory contract, with all its burdens.

In Maryland, contract for sale of land is executed, and vendor's bankruptcy trustee must carry it out on payment of price; hence broker's claim for commission for securing purchaser was not entitled to preference, on theory that trustee elected to assume executory contract and took it subject to all its provisions and conditions; trustee's application to court for order approving execution of deed being merely good practice.

In Bankruptcy. In the matter of the Cold Spring Realty Company, Inc., bankrupt. On petition of Gaylord Brooks for an order directing trustee to pay his claim as preferred claim. Petition dismissed.

Edwin Guest Gibson and Baldwin & Sappington, all of Baltimore, Md., for petitioner.

Derby A. Lynch and John I. Rowe, both of Baltimore, Md., for trustee.

SOPER, District Judge. Gaylord Brooks, a real estate broker, prays the court to direct the trustee in this case to pay him as a preferred claim the balance of commissions due him for securing a purchaser for certain real estate of the bankrupt. The contract of sale was entered into on October 14, 1925. On that date the buyer paid $3,500 on account of the purchase price of $75,000, and the bankrupt paid the broker $100 on account of commissions of $3,750 for bringing about the sale. There was some delay in perfecting the transfer of the property, and on December 31, 1925, before the deed was executed and the balance of the purchase money paid, the vendor was adjudicated a bankrupt. After the adjudication, the trustee filed a pe-

tition, praying the court to ratify the contract of sale and to authorize the conveyance of the property to the purchaser on the payment of the balance of the purchase price. After notice to the creditors, no objection being raised, an order of court was passed as prayed, and the trustee executed the deed and received the balance of the purchase money.

The broker contends that, since the contract had not been fully performed prior to bankruptcy, it was an executory contract, which the trustee in bankruptcy might either assume or renounce, as he should deem best for the interest of the bankrupt estate. Having elected, with the authority of the court, to assume the contract, he was required to take it cum onere, subject to all its provisions and conditions and in the same plight that the bankrupt held it. See Collier on Bankruptcy, pp. 1739, 1740. The broker concedes that he has no lien in law upon the balance of the purchase money for his commissions, but nevertheless contends that his claim should be allowed under the principle laid down in Hurley v. Atchison, Topeka & Santa Fé Ry., 213 U. S. 126, 29 S. Ct. 466, 53 L. Ed. 729, since equity looks at the substance rather than the form.

It is not necessary to decide whether the obligation of the trustee to take the contract, with all its burdens, once he elected to assume it, involved the duty to perform the collateral or subsidiary contract with the broker. The main contention of the petitioner is not well founded. The contract for the sale of the land was not an executory contract, within the meaning of the rule laid down by Collier or the cases he cites. It has repeatedly been held by the Court of Appeals of Maryland that a contract of sale of land is an executed contract, by which the equitable estate and interest passes to the purchaser, while the vendor retains the bare legal title as security for the payment of the purchase money. The vendor holds the property in trust for the purchaser, and the latter becomes the trustee of the purchase money for the vendor. The purchaser must bear any loss which may happen, and is entitled to any benefit which may accrue to the estate in the interim between the agreement and the conveyance. Brewer v. Herbert, 30 Md. 301, 96 Am. Dec. 582; Skinner & Sons Co. v. Houghton, 92 Md. 68, 48 A. 85, 84 Am. St. Rep. 485.

The rights of the parties in this case were in my opinion fixed by the agreement of October 14, 1925. After the adjudication in bankruptcy, the trustee could not arbitrarily refuse to carry out the contract, for he took the property, subject to the trust in favor of the purchaser, and was obliged, upon payment of the balance of the purchase price, to make the conveyance. There is consequently no room for the argument that he voluntarily assumed the contract, and with it the obligation to pay the balance of the broker's commissions. The application of the trustee to the court for an order approving the execution of the deed was in accordance with good practice, since an opportunity was thereby afforded to the creditors to examine the circumstances surrounding the sale. But, as there is no suggestion of impropriety in the transaction, the order to convey was properly made.

The petition must be dismissed.